## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
|     LORI-ANN KELLEHER, ) | |
|         DEBTOR. ) | CASE No. 15-50428 (JAM) |
| _____) | |
| RONALD I. CHORCHES, TRUSTEE, ) | |
| ) | ADV. PROC. No. 16-05014 |
|     MOVANT, ) | |
| ) | |
| v. ) | |
| ) | |
| HELLEN M. KELLEHER, ) | |
| ) | |
|     RESPONDENT. ) | RE: ECF Nos. 17, 23 |
| _____) | |

### Appearances

Marjorie Gruszkiewicz
*Attorney for Plaintiff*
Law Offices of Ronald I. Chorches, LLC
446 Silas Deane Highway, 2nd Floor
Wethersfield, CT 06109
Phone: 860-563-3955
Email: ronaldchorches@sbcglobal.com

Matthew K. Beatman
John L. Cesaroni
*Attorneys for Defendant*
Zeisler & Zeisler PC
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Phone: 203-368-4234
Email: mbeatman@zeislaw.com
Email: jcesaroni@zeislaw.com

## MEMORANDUM OF DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

### I.    Introduction

On March 31, 2015, Lori-Ann Kelleher (the "Debtor"), filed a voluntary Chapter 7

petition in this Court.  Ronald I. Chorches (the "Plaintiff"), was appointed to serve as the Chapter

7 Trustee in the Debtor's case.

On March 8, 2016, the Plaintiff filed an adversary complaint (the "Complaint"), against

the Debtor's mother, Hellen M. Kelleher (the "Defendant"), seeking to recover funds that were

jointly held by the Debtor and the Defendant in a bank account at Union Savings Bank (the

"bank account").  The five count Complaint alleges: (1) fraudulent conveyance under 11 U.S.C.

§ 548(a)(1)(A) (actual fraud); (2) fraudulent conveyance under 11 U.S.C. § 548(a)(1)(B)

(constructive fraud); (3) preferential transfer under 11 U.S.C. § 547(b); (4) conversion; and (5)

unjust enrichment.  On May 26, 2016, the Defendant filed an Answer and Affirmative Defense to

the Complaint (the "Answer", ECF No. 9), denying the material allegations in the Complaint and

asserting that she was at all times the sole owner of the funds in the bank account.

Pending before the Court are the Defendant's Motion for Summary Judgment and

Memorandum of Law in Support of Motion for Summary Judgment (collectively, the

"Defendant's Motion for Summary Judgment", ECF Nos.  17 and 18), as well as the Plaintiff's

Cross-Motion for Summary Judgment and Opposition to Defendant's Motion for Summary

Judgment (the "Plaintiff's Cross-Motion for Summary Judgment", ECF No. 23).  The Defendant

seeks summary judgment on all five counts of the Complaint, asserting that the Debtor did not

contribute to or own any of funds in the bank account and the Debtor owed no debts to the

Defendant.  The Plaintiff's Cross-Motion for Summary Judgment seeks a judgment on Counts

Two and Five of the Complaint and objects to the relief sought in the Defendant's Motion.

The motions for summary judgment and all related pleadings were taken under

advisement.  For the reasons set forth below, the Defendant's Motion for Summary Judgment is

denied and the Plaintiff's Cross-Motion for Summary Judgment is denied.

## II.    Jurisdiction

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28

U.S.C. § 1334(b).  The Bankruptcy Court derives its authority to hear and determine this matter

pursuant to 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United

States District Court for the District of Connecticut dated September 21, 1984.  This adversary

proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

**III.    Undisputed Facts**

    1.    The Defendant opened the bank account on or about November 9, 2006.  Def.'s

Loc. R. 56(a)(1) Statement ¶¶ 1-2; Pl.'s Loc. R. 56(a)(2) Statement ¶¶ 1-2.

    2.    On February 2 or 3, 2007, the Debtor became a joint signatory to the bank

account.  Def.'s Loc. R. 56(a)(1) Statement ¶ 3; Pl.'s Loc. R. 56(a)(2) Statement ¶ 3.

    3.    The Debtor is the Defendant's daughter.  Def.'s Loc. R. 56(a)(1) Statement ¶ 7;

Pl.'s Loc. R. 56(a)(2) Statement ¶ 7.

    4.    The closing balance in the bank account was $65,696.48.  Pl.'s Loc. R. 56(a)(1)

Statement ¶ 4; Def.'s Loc. R. 56(a)(2) Statement ¶ 4.

    5.    The bank account was closed on April 14, 2014, and the funds were deposited

into a separate account owned by the Defendant.  Def.'s Loc. R. 56(a)(1) Statement ¶ 17; Pl.'s

Loc. R. 56(a)(2) Statement ¶ 17.

    6.    Within one year of closing the bank account, the Debtor filed her Chapter 7 case.

**IV.    Analysis**

    **A.  Summary Judgment Standard**

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil

Procedure 56 applies in adversary proceedings.  Under Federal Rule of Civil Procedure 56(a),

summary judgment shall enter only if "the movant shows there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The moving party must clearly establish the absence of a genuine issue as to any material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Adikes v. S.H. Dress & Co.*, 398 U.S.

144, 157 (1970). "Regardless of whether the material facts are undisputed, however, 'the court

must determine whether the legal theory of the motion is sound.'" *In re Knight*, No. 15-21646

(JJT), 2017 WL 4410455, at *2 (Bankr. D. Conn. Sept. 29, 2017) (quoting *Jackson v. Fed. Exp.*,

766 F.3d 189, 194 (2d Cir. 2014)).

### B. Under Connecticut law, the Debtor had an interest in the bank account.

The Plaintiff seeks to recover the balance in the bank account for the benefit of the

Debtor's estate. Because the Plaintiff can only recover a transfer of property in which the Debtor

had an interest, the Court must first determine if the Debtor had a right to the funds in the bank

account. To make that determination, the Court must look to state law. *Butner v. United States*,

440 U.S. 48, 54-55 (1979).

Connecticut law provides that the establishment of an account at any bank in the names

of two or more natural persons creates a joint account, and part or all of the balance of the

account may be paid to any holder of the account. Conn. Gen. Stat. § 36a-290. In addition, the

Connecticut Supreme Court has held that each coholder of a joint account "has a sufficient

property interest in the account to permit a judgment creditor to exercise a bank execution

against the entire account." *Fleet Bank Connecticut, N.A. v. Carillo*, 240 Conn. 343, 352 (1997).

The Defendant claims she owned all of the funds in the bank account. She then argues

that the Plaintiff had no ownership interest in the funds because there was never a valid inter

vivos gift of the funds to the Debtor, citing *Grodzicki v. Grodzicki*, 154 Conn. 456 (1967), to

support her argument. *See also State v. Lavigne*, 307 Conn. 592, 604 (2012); *Tyers v. Coma*, 214

Conn. 8, 13 (1990).

The Defendant's reliance on *Grodzicki* is mistaken. Unlike in this case, *Grodzicki*

4

addressed the ownership of funds in a joint account when a dispute existed between the coholders of the account. *Id.* at 456. *Grodzicki* discussed Conn. Gen. Stat. § 36-3 (now § 36a-290), and found that it specifically recognized a joint account as a method of transferring funds to the surviving coholder when one coholder dies. *Id*. at 462. The court then held that when coholders of a joint account are alive, and therefore no rights of survivorship are implicated, a dispute between coholders regarding the ownership of funds must be resolved by determining if a valid inter vivos gift of the funds had occurred between the coholders. *Id*. at 463. In the case before this Court, the Plaintiff and the Defendant are not, and have never been, coholders of a joint account. In addition, this is not a dispute between the Debtor and the Defendant as to the ownership of the funds in the bank account. Because no dispute between coholders as to ownership of funds exists in this case, the holding in *Grodzicki* does not apply.

The Defendant's allegations that the Debtor did not contribute to or own any funds in the bank account are irrelevant. The act of adding the Debtor to the bank account, thereby establishing a joint account with the Debtor, is *prima facie* evidence of an intent to vest the title of the bank account in the Debtor as well as in the Defendant. Conn. Gen. Stat. § 36a-290; *Carillo*, 240 Conn. at 352. Therefore, the Defendant's argument that the Debtor had no ownership in or right to the funds in the bank account fails.

### III.   The Defendant's Motion for Summary Judgment is denied because the Debtor had a right to the funds in the bank account.

Each of the Defendant's arguments in support of summary judgment fail as a matter of law and are addressed below.

#### A.  Counts One and Two, Fraudulent Transfer

To prove claims of fraudulent conveyance, the Defendant correctly argues that the Plaintiff must establish that a transfer of an interest in property of the Debtor occurred.

Referring to *Grodzicki*, the Defendant argues that closing the bank account did not result in a transfer of an interest in property because the Debtor never owned or contributed any of the funds in the bank account.  As noted above, the Defendant's reliance on *Grodzicki* is misguided.  The holding in *Grodzicki* does not apply to a *judgment creditor* executing on a non-debtor's interests in a joint account shared with a debtor.  *See Carillo*, 240 Conn. at 353-54; *Lavigne*, 307 Conn. at 606–07.  Therefore, summary judgment on Counts One and Two of the Complaint is denied.

### B.  Count Three, Preferential Transfer

The Defendant again asserts that there was no transfer of an interest of the Debtor, and adds that even if there were, the Defendant was not a creditor of the Debtor.  The Defendant's argument fails for the reasons outlined above.  Therefore, summary judgment on Count Three of the Complaint is denied.

### C.  Count Four, Conversion

The Defendant argues that conversion could not have occurred because the Debtor had no interest in the funds in the bank account.  As noted above, under Connecticut law, the Debtor did have an ownership interest in the bank account, which permits a judgment creditor to execute on the funds in the joint account.  Therefore, summary judgment on Count Four of the Complaint is denied.

### D.  Count Five, Unjust Enrichment

Finally, the Defendant argues that she was not and could not have been unjustly enriched because she did not make an inter vivos gift of the funds to the Debtor.  Connecticut law clearly provides that the issue of whether an inter vivos gift was made is irrelevant to the facts at issue here.  *See Carillo*, 240 Conn. at 353-54 and *Lavigne*, 307 Conn. at 606-07.  Therefore, summary

judgment on Count Five of the Complaint is denied.

**IV.      The Plaintiff's Cross-Motion for Summary Judgment as to Count Two of the Complaint is denied because a genuine issue of material fact exists as to whether a fraudulent transfer occurred under 11 U.S.C. § 548(a)(1)(B).**

A Chapter 7 Trustee, as a judgment creditor, has a right to recover a non-debtor's

contributions to an account jointly held with a debtor, in accordance with the provisions of Conn.

Gen. Stat.  § 52-367b.  However, the Plaintiff has failed to establish that no genuine issue of

material fact exists with regard to the allegation of a constructive fraudulent transfer.  Section

548(a)(1)(B) of the Bankruptcy Code allows the Plaintiff to avoid a constructive fraudulent

transfer if the following is established:

> The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> > (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> > (ii)(I) was insolvent on the date that such transfer was made or such obligation was occurred, or became insolvent as a result of such transfer or obligation;
> > (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> > (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> > (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1).

The Plaintiff argues that the elements of 11 U.S.C. § 548(a)(1)(B) are easily established

because: (1) the Defendant is a statutory insider under 11 U.S.C. § 101(31)(A)(i); (2) the transfer

occurred within two years of the petition date; (3) the Debtor received less than a reasonably

equivalent value in exchange, *i.e.*, nothing; and (4) the Debtor became insolvent as a result of the transfer. The first three elements of a Section 548(a)(1)(B) claim are satisfied by the undisputed facts of this case. However, a genuine issue of material fact exists as to whether the Debtor was insolvent at the time of the transfer, or became insolvent as a result of the transfer.

Unlike a preference action, there is no rebuttable presumption of insolvency in an action to recover a constructively fraudulent transfer.[1] *Matter of Dunston*, 566 B.R. 624, 637 (Bankr. S.D. Ga. 2017). The Plaintiff has the burden of proving insolvency by a preponderance of the evidence. *Id.* (A debtor's bankruptcy schedules for a petition, filed ten and fifteen months after two respective transfers, were insufficient to establish insolvency at the dates of the transfers). "Evidence of insolvency on the date of the alleged fraudulent transfer is the critical issue and proof of insolvency on any other date is insufficient." *Id.* at 638 (quoting *In re Strickland*, 230 B.R. 276, 283 (Bankr. E.D. Va. 1999)).

In his Local Rule 56(a)(1) Statement, the Plaintiff cites only to his own affidavit and to the Debtor's Summary of Schedules filed in her Chapter 7 case as proof that the Debtor was or became insolvent at the time the bank account was closed. Pl.'s Loc. R. 56(a)(1) Statement ¶ 9; Aff. of Ronald I. Chorches ¶ 17; *In re Kelleher*, Case No. 15-50428, Summary of Schedules (ECF No. 1); *see also* Def.'s Loc. R. 56(a)(2) Statement, ¶9; Def.'s Objection to Pl.'s Cross-Mot. for Summ. J. at 5-7. Reliance on the Plaintiff's own affidavit and the Debtor's Summary of Schedules that were filed eleven months after the bank account was closed does not satisfy the burden of proof as to whether the Debtor was insolvent, or became insolvent, on the date of the alleged fraudulent transfer. Despite the Plaintiff's allegations, the Court finds that a genuine issue of material fact remains as to whether the Debtor was insolvent on the date that the transfer

---

[1] Section 547(f) of the Bankruptcy Code provides that "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

was made, or became insolvent as a result of the transfer.  Therefore, the Plaintiff's Cross-

Motion for Summary Judgment is denied as to Count Two of the Complaint.

## V.        The Plaintiff's Cross-Motion for Summary Judgment is denied as to Count Five of the Complaint.

Unjust enrichment is a broad, equitable doctrine based on the principal that it is "contrary

to equity and good conscience for a defendant to retain a benefit that has come to him at the

expense of the plaintiff."  *Gagne v. Vaccaro*, 255 Conn. 390, 409 (2001).  It requires a plaintiff

to show (1) the defendant was benefited, (2) the defendant unjustly failed to pay the plaintiff for

the benefit, and (3) the failure of payment was to the plaintiff's detriment.  *Id.*  "All the facts of

each case must be examined to determine whether the circumstances render it just or unjust,

equitable or inequitable, conscionable or unconscionable, to apply the doctrine." *Id.*; *Vertex, Inc.*

*v. Waterbury*, 278 Conn. 557, 573 (2006); *Hosp. of Cent. Connecticut v. Neurosurgical Assocs.,*

*P.C.*, 57 A.3d 794, 797-98 (Conn. App. 2012).  *See also Cooper v. Pitney Bowes, Inc.*, 917 A.2d,

1069, 1072-73 (Conn. Sup. 2007) (the moving party showed there were no genuine issues of

material fact regarding the unjust enrichment claim in a motion for summary judgment); *Alcon*

*Interactive Grp., LLC v. Gate Five, LLC*, No. FST-CV-156024864S, 2017 WL 5056351, at *6

(Conn. Super. Ct. Sept. 28, 2017) ("a [party] defendant seeking summary judgment on [an unjust

enrichment] claim has the burden of proving, effectively to a certainty (no material issue of fact),

that the [other party] does not have any right to the claim being advanced.").

In the present case, genuine issues of material fact exist with regard to the allegations in

the Complaint.  Therefore, a ruling on the unjust enrichment claim will not be made at this stage

of the proceedings and the Plaintiff's Cross-Motion for Summary Judgment as to Count Five of

the Complaint is denied.

## VI.      Conclusion

For the reasons set forth above, it is hereby

**ORDERED:** Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, the Defendant's Motion for Summary Judgment as to all counts of the Complaint is **DENIED** due to the failure to establish that she is entitled to judgment as a matter of law; and it is further

**ORDERED:** Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, the Plaintiff's Cross-Motion for Summary Judgment as to Counts Two and Five of the Complaint is **DENIED** due to the failure to establish that he is entitled to judgment as a matter of law; and it is further

**ORDERED:** A Pretrial Conference shall be held in this adversary proceeding on **May 8, 2018 at 11:00 a.m.** to discuss, among other things, the entry of a Pretrial Order in this adversary proceeding.

Dated at Bridgeport, Connecticut this 26th day of March, 2018.

Julie A. Manning
Chief United States Bankruptcy Judge
District of Connecticut

10